IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| United States of America, )<br>                              )<br>              Plaintiff, )<br>                              )<br>  v.                         )<br>                              )<br>Matthew William Lane, )<br>                              )<br>            Defendant. ) | Criminal Case Number<br>08-00316-01-CR-W-NKL |

## Report and Recommendation

Before the Court is a MOTION TO SUPPRESS EVIDENCE [Doc. 11] filed by defendant Matthew William Lane ("Lane") on February 3, 2009. In his motion, Lane moves the Court to suppress all evidence obtained from a search of his laptop computer, arguing that (1) the underlying search warrant was issued without sufficient probable cause and (2) the affidavit supporting the issuance of the search warrant failed to describe criminal activity. The Court rejects both arguments.[1]

On September 11, 2007, Detective Martin Kreissler of the Blue Springs, Mo. Police Department presented an affidavit in support of the issuance of a search warrant to a Jackson County Mo. Associate Circuit Judge, the Honorable Jeffrey L. Bushur. In that affidavit, Det. Kreissler requested a search warrant be issued for any computers and computer-related materials that might be found at the residence at 201 S.E. Princeton Place in Blue Springs, Missouri. Det. Kreissler based his affidavit, in large measure, on his communications with a female witness who did not wish to be identified due to her relationship with the parties for whom she was providing information.

---

[1] Because the search warrant at issue was issued only on the basis of an affidavit and Lane challenges only the language in that affidavit, Lane is not entitled to an evidentiary hearing inasmuch as "the probable cause determination must be based upon only that information which is found within the four corners of the affidavit." *United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006).

As set out in Det. Kreissler's affidavit, on the morning of September 10, 2007, he received a call from a female concerning a video that she had inadvertently seen playing on a computer. The female told Det. Kreissler that she was visiting the residence at 201 S.E. Princeton Place on September 9, 2007, and was using a stand-alone computer at the residence to type a paper for her husband. However, due to technical difficulties, the female was unable to print the paper from the stand-alone computer. Upon seeing a Dell laptop computer sitting on a table, the female inquired as to whether she could print her document from the laptop. The owner of the Dell laptop (who was also a resident at 201 S.E. Princeton Place) then "hooked up" the Dell laptop to the printer and began to print the female's paper. According to the female, once her print project was completed, a video appeared on the screen of the Dell laptop. The female said that the video showed a young male, approximately eight years old, lying on a bed, naked, with his genitalia exposed. The owner of the Dell laptop then closed the laptop "quickly.[2]

Lane attacks Det. Kreissler's affidavit, arguing that the information was obtained from a confidential informant. As such, Lane contends that the affidavit must indicate that the confidential informant is reliable.

> Both the United States Supreme Court and the Eighth Circuit have emphasized that:
>
>> If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established.

*United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (*citing Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983)). Moreover, "[w]hether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge should be paid great deference by reviewing courts." *Grant*, 490 F.3d at 632. The affidavit for a search warrant should be examined using a common sense approach, and not a hypertechnical one. *Grant*, 490 F.3d at 632.

---

[2] In addition to the foregoing, the female also provided other information about the owner of the Dell laptop, including a prior arrest and place of employment.

2

Case 4:08-cr-00316-NKL   Document 22   Filed 05/26/09   Page 2 of 4

Looking only within the four corners of Det. Kreissler's affidavit and employing a common sense approach, the Court concludes that there was probable cause for the search warrant issued by Judge Bushur. Probable cause requires only a showing of fair probability, not hard certainties. *Gates*, 462 U.S. at 231, 103 S.Ct. at 2328. Here, the affidavit demonstrates a fair probability of finding evidence of a crime at 201 S.E. Princeton Place; thus, the search warrant is valid. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir.2006) (search warrant is valid under the Fourth Amendment if it establishes probable cause).

The failure of the affidavit to expressly state that the female caller was reliable is not fatal to the subsequently issued search warrant. The Supreme Court has long recognized that a judge issuing a search warrant may base a probable cause finding on the hearsay statements of an unnamed informant. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514 (1964). While the informant needs to be reliable, it is not necessary for a supporting affidavit to expressly make that point. Instead, the critical question is whether the issuing judge was "informed of some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was credible." *Id*. In this case, the information provided by the female caller was detailed, coherent, and plausible. Further, given her relationship to the suspect, the manner by which she came to observe the video, and the subject matter of the crime all combine to make the request for anonymity understandable rather than suspicious.

The Court similarly rejects Lane's second argument that the affidavit does not establish probable cause because the video excerpt described by the female did not necessarily involve a crime. The Eighth Circuit has noted that "it is not necessary for an affidavit to include the name of the specific crime alleged." *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir. 2007). Instead, a search warrant affidavit need show "only a probability of criminal conduct." *Id*. (*emphasis in original*) (*citations omitted*). Given the circumstances in this case (the age of the boy, the bedroom setting, the knowledge of the female that the boy was not a child of the suspect, and the suspect's response to the female seeing the video), the affidavit sufficiently a probability of criminal conduct.

3

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** Lane's MOTION TO SUPPRESS EVIDENCE filed February 3, 2009 (Doc. #11).

Counsel are reminded that each has 10 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

　　　　　　　　　　　　　　　　　　　　　*/s/ John T. Maughmer*
　　　　　　　　　　　　　　　　　　　　　**John T. Maughmer**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**