# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-00316-01-CR-W-NKL |
| ) | |
| MATTHEW WILLIAM LANE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In a May 24, 2009 Report and Recommendation, United States Magistrate Judge John T. Maughmer recommended that this Court enter an order denying Defendant's motion to suppress evidence filed February 3, 2009 [Doc. # 11]. [Doc. # 22.] Defendant moves to suppress all evidence obtained from a search of his laptop computer, arguing that the underlying search warrant was issued without probable cause and that the affidavit underlying the warrant failed to allege criminal activity. Considering the affidavit underlying the warrant, the Magistrate Judge found it sufficient to establish probable cause in that it (a) includes sufficient internal indicia of the unidentified caller's reliability, and (b) includes sufficient facts indicating the probability of criminal conduct.

Defendant filed objections to the Report and Recommendation, and the Government filed a response. Based on a de novo review of the record, the Court finds that there was not probable cause for the warrant given the lack of any independent verification of the information given by the unidentified informant. Nonetheless, the Court does not grant the

Motion to Suppress because a hearing is necessary before this Court can address the issue of good faith raised by the Government. Therefore, the matter is remanded to the Magistrate to conduct an evidentiary hearing on the Motion to Suppress.

**I.     The Affidavit**

As stated in the Report and Recommendation, "Where there is no evidentiary hearing before the . . . judge [issuing a warrant], the probable cause determination must be made upon only the information which is found within the four corners of the affidavit." *United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006); *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008). There is no dispute in this case that the warrant was issued based solely on an affidavit. Thus, the Court must examine that affidavit alone in reviewing the probable cause determination.

The affidavit states that, on September 10, 2007, a female called Detective Kreissler with the Blue Springs, Missouri, Police Department concerning a video she saw the previous day on a laptop computer. According to the affidavit, the caller "did not wish to be identified due to her relationship with the parties" about whom she was providing information. [Doc. # 26, Ex. A.] She stated that she was working on a paper at the home of a Daniel Baker, whose address she gave. She borrowed a laptop at the home which belonged to Defendant in order to print the paper, and observed a video playing on the computer of an approximately eight-year-old boy, lying on a bed with his genitals exposed. According to the affidavit, the caller said that Defendant closed the laptop quickly after she saw the video, without comment. The caller stated that she had known Defendant for some time. She identified his

2

place of employment, and the vehicle he drove to and from work. She also said that he took his laptop to work with him, and that he had been previously arrested in Independence, Missouri. Although she knew the Defendant, the caller stated that she did not recognize the child. The affidavit contains a detailed physical description of the exterior of Defendant's residence, but does not indicate that there was any investigation performed to corroborate the details of the information relayed by the caller. [Doc. # 26, Ex. A.][1]

In its response to Defendant's motion, the Government states that Detective Kreissler used the information from the caller to prepare the affidavit and proposed search warrant. Detective Kreissler presented those documents to an assistant Jackson County, Missouri, prosecutor who signed the affidavit without making any changes. Detective Kreissler then presented the documents to a Jackson County associate judge. The Government states that, on at least one occasion, that same judge has declined to find probable cause to search for some of the items included in an affidavit submitted by Detective Kreissler. According to the Government, the judge read both documents and, without making any changes to them, signed them.

## II. Discussion

---

[1] Via the affidavit, Detective Kreissler applied for and received a Jackson County, Missouri, search warrant from a Jackson County associate judge to search Defendant's residence for the laptop computer and any evidence of child pornography. Upon searching the laptop, the officers found child pornography on the hard drive in a file sharing folder. Defendant was interviewed after being Mirandized and said he downloaded movies of 14-16 year old boys performing sex acts. Subsequent forensic analysis found over 100 videos on Defendant's computers.

The sufficiency of a search warrant is determined on the basis of the information presented to the issuing judicial officer. *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986). "The duty of a reviewing court is to ensure that the issuing judge had a substantial basis for concluding that probable cause existed." *United States v. Kattaria*, 553 F.3d 1171, 1175 (8th Cir. 2009) (citation and internal punctuation omitted)*; Massachusetts v. Upton*, 466 U.S. 727, 728 (1984) (per curiam). The issuing judge's determination of probable cause is entitled to great deference. *United States v. Arenal*, 768 F.2d 263, 266 (8th Cir. 1985); *United States v. Ross*, 713 F.2d 389, 393 (8th Cir.1983).

### A.     Unidentified Caller

Defendant objects to the Report and Recommendation, reiterating the arguments made in his motion to suppress. First, he argues that the information provided by an unknown confidential caller alone is not sufficient to support a search warrant absent an independent investigation by law enforcement to corroborate the details of the information. Defendant argues that the officers in this case could have conducted a "knock and talk," attempting to question Defendant and his roommate, and perhaps obtaining consent for the search. The Government responds to Defendant's objections, stating that the caller's information alone provided probable cause; in its response to Defendant's underlying motion, the Government also argued that the evidence should not be suppressed because the search and seizure were conducted by officers acting in good-faith reliance on an apparently valid search warrant.

"[W]here a previously unknown informant provides information, the informant's lack of a track record requires some independent verification to establish the reliability of the

4

information. Independent verification occurs when the information (or aspects of it) is corroborated by the independent observations of police officers." *United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995) (citation and internal punctuation omitted). "The corroboration of even innocent, minor details can support a finding of probable cause." *United States v. Stevens*, 530 F.3d 714, 719 (8th Cir. 2008) (citation omitted) (finding probable cause based on an eyewitness account, where officers independently corroborated that vehicles identified by the eyewitness were at the residence she identified, and that the defendant had been arrested several times for drug activity similar to that which the eyewitness claimed to have observed).

The Government – pointing to facts outside the affidavit – argues that Detective Kreissler knew the caller's identity (she apparently gave him her name) and, so, there was no need to corroborate the information she relayed. While the Eighth Circuit has stated that the need to corroborate an informant's information is *lessened* where officers know an informant's identity, *see United States v. Nolen*, 536 F.3d 834, 839 (2008), the Government points to no authority indicating that the need for corroboration is *eliminated* where that identity is known. More importantly, looking to the four corners of the affidavit, that document did not identify the caller, nor did it indicate that Detective Kreissler knew her identity: the affidavit states only that the caller did not wish to be identified. This Court is limited to a review of the four corners of the affidavit.

Moreover, the affidavit gives no indication that law enforcement independently verified any of the details provided by the caller beyond, maybe, that there was a house at

5

the address given by the caller.  There is no indication in the affidavit that law enforcement confirmed any of the readily-verifiable facts relayed by the caller, such as Defendant's prior arrest, place of employment, or description of his house.  The officers did not meet with the caller face-to-face.  There is no evidence that they had previously been investigating Defendant.  There is no evidence that anything independent of the unidentified caller's allegations indicated that Defendant had committed a crime.

The Government does not contend otherwise.  The cases cited in the Government's response brief do not address situations in which warrants were issued based purely on affidavits stating information provided by previously unknown, unidentified callers without independent corroboration.  *Cf. United States v. Grant*, 490 F.3d 627, 630 (8th Cir. 2007) (finding an identified computer technician's statement that he had seen child pornography on a computer he was fixing provided probable cause for a warrant to search the computer where an officer had personally interviewed the computer store's owner and learned of the technician's qualifications).  The Court disagrees with the Report and Recommendation to the extent it finds that probable cause existed based only on the affidavit.

### B. Indication of Criminal Activity

In addition to objecting to the Report and Recommendation's probable cause finding, Defendant objects to its finding that the affidavit provides sufficient indication of criminal activity.  The affidavit states that the caller observed a video of a little boy with exposed genitals lying on a bed.  It also states that the caller, who knew the Defendant, did not

recognize the little boy. Defendant argues that this information does not indicate that the video was child pornography.

However, as stated in the Report and Recommendation, a warrant affidavit need only show "a probability of criminal conduct" and "it is not necessary for an affidavit to include the name of the specified crime alleged." *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir. 2007). Here, as discussed in the Report and Recommendation, the totality of circumstances support a finding of a probability of criminal conduct: the caller estimated the boy to be approximately eight years old, the caller – who knew Defendant – did not recognize the boy (such as to indicate this may have been a family bath-time video of Defendant's son), the boy was positioned with his genitals exposed and was in a bedroom setting, and the caller was stricken enough by the video that she telephoned police. *See, e.g., United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (finding sufficient indicia of criminal conduct in an affidavit stating that the defendant asked a girl to pull her shirt up to be photographed and, when she refused, gave her a low cut shirt to wear and placed her in suggestive poses). Defendant's motion is denied to the extent it seeks suppression on the basis that the affidavit does not expressly specify the criminal activity involved.

### C. Good Faith

In its response to Defendant's motion, the Government argues that, even if the warrant was defective, the evidence Defendant seeks to suppress is covered by the good faith exception to the exclusionary rule. The Government noted that Detective Kreissler had submitted the affidavit and proposed search warrant to an assistant prosecutor as well as a

7

Jackson County judge for review, and he reasonably relied on their judgment. Defendant's response to this argument states that the good faith exception does not apply where the affidavit supporting an invalid warrant is so devoid of information indicating probable cause that no reasonable officer could believe it exists.

Evidence obtained as a result of a defective search warrant is generally inadmissible; but there is an exception to this rule for evidence obtained by officers relying in objective good faith on a defective warrant. *United States v. Guzman*, 507 F.3d 681 (8th Cir. 2007). The Eighth Circuit recently summarized the good faith exception as follows:

> Evidence seized pursuant to a warrant that is later determined to be invalid will not be suppressed if the officers executing the warrant acted in good faith reliance on its validity. Suppression is required only if (1) the issuing judge was misled by the affiant's knowing or reckless false statement, a contention we have rejected in Part II, (2) the issuing judge wholly abandoned his judicial role, which is not an issue in this case, (3) the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant was "so facially deficient" that the executing officer could not reasonably presume its validity. *[United States v.] Leon*, 468 U.S. 897, . . . 923 [(1984)]. Issues (3) and (4) turn on "the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the issuing judge's authorization." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (quotation omitted).

*United States v. Kattaria*, 553 F.3d 1171, 1177-78 (8th Cir. 2009). Despite opportunities to do so in the briefing of this matter, Defendant does not argue that either the first or second issues warrant suppression of the evidence here. Therefore, the Court considers the objective question of whether "a reasonably well trained officer would have known that the search was illegal despite the issuing judge's authorization." *Id.*

8

Reviewing courts may consider whether the good faith exception applies, and evaluate the reasonableness of an officer's reliance on a search warrant, without first determining whether that search lacked probable cause. *Guzman*, 507 F.3d at 686. In assessing the objective reasonableness of the reliance, the court must consider the totality of the circumstances, including information known to the officers but not presented to the issuing judge. *Id.* (finding that a reasonable officer could have relied on a warrant based on an affidavit relaying an alleged domestic violence victim's statements concerning her abuser's firearms possessions).

An officer's consultation with those schooled in the law is evidence of good faith. Receiving counsel from a prosecutor who offers "what reasonably could be believed to be legally competent counsel on applying for the warrant" is evidence of good faith. *See United States v. Frangenberg*, 15 F.3d 100, 102 (8th Cir. 1994). Further, seeking a search warrant from a judge indicates good faith. The Eighth Circuit explained:

> The Supreme Court has noted that the so-called "good-faith" exception to the exclusionary rule is broad, advising that a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search, and thus that the exclusion of evidence discovered during the search is inappropriate.

*United States v. Hallam*, 407 F.3d 942, 946 (8th Cir. 2005) (internal punctuation omitted) (citing *Leon*, 468 U.S. at 922). An officer who obtains a warrant from a judge who has previously rejected the officer's warrant applications may have "every reason to believe that if [the officer's] affidavit and application for a warrant . . . were inadequate, [the judge] would have refused to issue the warrant and that if [the judge] issued the warrant, [the]

9

affidavit and application were sufficient to establish probable cause." *United States v. Grant*, 490 F.3d 627, 633 (8th Cir. 2007) (noting, in finding that the good faith exception applied, that an officer had obtained a challenged warrant from a judge who had previously rejected that officer's application for a warrant in another investigation). "The decision to seek a search warrant is the antithesis of bad faith, and extremely strong evidence of objective good faith." *Grant*, 490 F.3d at 632.

Here, the Government argues that Detective Kreissler both consulted with a prosecutor and that a judge – who had previously found no probable cause in an affidavit and application submitted by Detective Kreissler – issued the warrant. While such facts are strong evidence of good faith, the Government has only argued them: there has been no hearing to establish them and the Government does not submit any affidavit or other evidence from which the Court can conclude that the officers acted in good faith in executing the warrant.

### III. Conclusion

After a *de novo* review of the record, the Court disagrees with the Report and Recommendation [Doc. # 22] to the extent it concludes there was probable cause to issue a warrant. The Court agrees with the Report and Recommendation on the finding that the affidavit adequately identified the suspected criminal activity. The Court directs the Magistrate to develop the evidentiary record to determine whether the good faith exception discussed above applies in this case. SO ORDERED.

10

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: July 1, 2009
Jefferson City, Missouri