# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action Number |
| ) | 08-0316-01-CR-W-NKL |
| Matthew William Lane, ) | |
| ) | |
| Defendant. ) | |

## Report and Recommendation

On July 1, 2009, the District Court entered its Order [Doc. #28] remanding this matter to this Court to conduct an evidentiary hearing for the purpose of developing the evidentiary record to determine whether the good faith exception to the warrant requirement applies in this case.[1] On August 25, 2009, the undersigned held the evidentiary hearing as directed by the District Court. Defendant Lane was present and was represented by his counsel Assistant Federal Public Defender Ronna Holloman Hughes. The government was represented by Assistant United States Attorney Mary Elizabeth Phillips. At the evidentiary hearing, the government called Detective Martin Kreissler of the Blue Springs Police Department ("Det. Kreissler") as a witness. Additionally, the following exhibits were admitted into evidence:

| Number | Description |
|---|---|
| Govt. Ex. 1 | Search warrant application |

---

[1] The District Court found the search warrant issued in this case defective for want of probable cause "given the lack of any independent verification of information provided by an unidentified informant." (ORDER at 1.)

| | |
|---|---|
| Govt. Ex. 2 | Search warrant |
| Govt. Ex. 3 | Search warrant return and inventory |
| Def. Ex. 20. | Investigation Report |

On the basis of all the evidence adduced at the evidentiary hearing, the undersigned submits the following:[2]

**PROPOSED FINDINGS OF FACT**

1. Detective Kreissler of the Blue Springs Police Department has been assigned exclusively to child abuse and sex crimes since 2000. Tr. 4

2. Over the years, with the aid of assistant prosecutors and at least one judicial officer, Detective Kreissler has constructed a template that he employs when developing a search warrant affidavit and application. Tr. 6-8

3. Detective Kreissler used his template in developing the search warrant affidavit and application in this case. Tr. 9

4. After preparing the affidavit and application, Detective Kreissler presented them to Assistant Jackson County Prosecutor Cole Eason, ("Eason") who, after review, had no suggestions or recommendations for changes to the affidavit and application before signing off on the search warrant affidavit. Tr. 22, 33

5. On previous occasions with other search warrant applications and affidavits, Eason has made suggestions and recommendations for changes which Detective Kreissler has always incorporated. Tr. 21-22, 33

6. Det. Kreissler presented the search warrant application to Judge Bushur of the Jackson County Circuit Court who, after review, signed the search warrant without changes, questions, or hesitation. Tr. 25-26

7. On previous occasions, after review of other search warrant applications and affidavits from Det. Kreissler, Judge Bushur has declined to authorize a search for certain requested items and also has declined to issue the warrant altogether. Tr. 23-25, 34-37

---

[2] A copy of the transcript of the supplemental evidentiary hearing is provided to the District Court *in camera* for its *de novo* review of the proposed factual findings and conclusions of law of this Court, as well as it's own independent determination of the applicability of the good faith exception to this case.

2

## PROPOSED CONCLUSIONS OF LAW

In it's Order remanding this matter for further development of the evidentiary record to determine whether the good faith exception is applicable to this case, the District Court states:

> Here, the Government argues that Detective Kreissler both consulted with a prosecutor and that judge – who had previously found no probable cause in an affidavit and application submitted by Detective Kreissler – issued the warrant. While such facts are strong evidence of good faith, the Government has only argued them: there has been no hearing to establish them and the Government does not submit any affidavit or other evidence from which the Court can conclude that the officers acted in good faith in executing the warrant.

(ORDER at 10.) As indicated in the Proposed Findings of Fact herein, the subsequent evidentiary hearing has borne out the Government's argument. Detective Kreissler's past experience with both the judge and prosecutor who passed on the probable cause determination in this case included prior occasions when they had suggested modifications and/or denied the warrant altogether. As stated by the District Court, "such facts are strong evidence of good faith." *Id*. That being the case, suppression of the evidence seized during the execution of the warrant in this case would not be appropriate in light of Det. Kreissler's good faith reliance on the validity of the warrant. *United States v. Leon*, 468 U.S. 897 (1984).

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** Defendant Lane's motion to suppress evidence filed February 3, 2009 [Doc. #11].

3

Counsel are reminded that each has 10 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same.  A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

        */s/ John T. Maughmer*
        **John T. Maughmer**
    **Chief United States Magistrate Judge**

4